**UNITED STATES of America,**
**Appellee,**

v.

**Joseph GENUA, Defendant–Appellant.**

No. 06–2667–cr.

United States Court of Appeals,
Second Circuit.

March 18, 2008.

Denis Kelleher, Kelleher & Dunne, LLP, New York, NY, for Defendant–Appellant.

Jennifer G. Rodgers, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Katherine Polk Failla, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, and Hon. CAROL BAGLEY AMON, District Judge.*

### SUMMARY ORDER

COTE, District Judge

Defendant-appellant Joseph Genua appeals from the May 23, 2006 judgment of

* The Honorable Carol Bagley Amon of the United States District Court for the Eastern District of New York, sitting by designation.

the United States District Court for the Southern District of New York (Cote, J.), convicting him, following a plea of guilty, of participating in a conspiracy to operate an illegal gambling business, in violation of 18 U.S.C. § 371; participating in an illegal gambling business, in violation of 18 U.S.C. §§ 1955 & 2; participating in a conspiracy to commit extortion, in violation of 18 U.S.C. § 1951; and attempting to commit extortion, in violation of 18 U.S.C. § 1951. Genua was sentenced principally to 57 months' imprisonment and three years of supervised release, with 21 months of the 57–month sentence to run concurrently with a previously imposed sentence of 121 months' imprisonment for his conviction of extortion in another case, *see United States v. DiPietro*, 02 Cr. 1237 (S.D.N.Y.) (the "Perazzo" case). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ We review Genua's sentence for reasonableness, which is akin to review for abuse of discretion. *See United States v. Fernandez*, 443 F.3d 19, 26–27 (2d Cir. 2006). Genua argues that the district court erred in calculating his advisory Guidelines range by adding a three-level enhancement for "demonstrat[ing] the ability to carry out a threat" of "serious bodily injury," U.S.S.G. § 2B3.2(b)(3)(B). The district court found that the imposing size, demeanor, and reputation of the defendant and his co-conspirators, in the context of a turf battle between organized crime rings, communicated to the victim their ability and willingness to inflict serious bodily injury if the victim did not acquiesce to their demands. Genua contends that their language and behavior in making these threats, including the absence of any weapon or evidence of preparation to inflict serious bodily harm, fails to satisfy the requirements of § 2B3.2(b)(3)(B). Even assuming the dis-trict court erred in adding the enhancement, however, any such error was harmless because the district court stated that it would have imposed the same 36–month consecutive prison sentence without the enhancement, a sentence which we conclude below was not an abuse of discretion.

■ Genua further contends that the district court abused its discretion in sentencing him to a partially concurrent, rather than fully concurrent, prison term, and that the district court misapprehended its authority to conduct a "hypothetical analysis" of what his sentence would have been had Genua been sentenced for these crimes at the same time that he was sentenced for the Perazzo crimes. *See* U.S.S.G. § 5G1.3(c) (granting the district court, in a "case involving an undischarged term of imprisonment," discretion to impose a concurrent, partially concurrent, or consecutive sentence "to achieve a reasonable punishment for the instant offense"); *see also United States v. Brennan*, 395 F.3d 59, 66 (2d Cir.2005) ("[A] district court's sentencing decisions under § 5G1.3(c) will not be overturned absent an abuse of discretion." (internal quotation marks omitted)). The district court properly analyzed the factors in Application Note 3 to § 5G1.3(c), including the 18 U.S.C. § 3553(a) factors, and did not misapprehend its authority to take into account that Genua was separately sentenced for the Perazzo crime. *See* U.S.S.G. § 5G1.3, appl. n. 3 (providing that, among other factors, the district court should weigh "the fact that the prior undischarged sentence may have been imposed ... at a different time before the same or different federal court"). Further, the district court did not abuse its discretion in imposing a partially concurrent sentence after carefully reviewing the overlaps between the Perazzo crime and the instant crime, and concluding that the criminal

activities were significantly separate to merit a sentence beyond Genua's undischarged sentence for the Perazzo crime.

In short, giving due respect to the district court's reasoned judgment, *see Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–96, 169 L.Ed.2d 445 (2007), we cannot conclude that the district court's sentence was an abuse of discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.